EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2004 TSPR 38 |
|---|---|
| Fundación Facultad de Derecho Eugenio María de Hostos | 160 DPR ___ |
| Peticionaria | |

Número del Caso: MC-1996-25

Fecha: 12 de marzo de 2004

Fundación Facultad de Derecho Eugenio María de Hostos:

Prof. Roberto Vélez Colón
Decano

Lcdo. Federico Cedó Alzamora
Presidente de la Junta de Síndicos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fundación Facultad de Derecho
Eugenio María de Hostos

Peticionaria                              MC-96-25

RESOLUCION

San Juan, Puerto Rico, a 12 de marzo de 2004.

Examinado el Informe del Comité de Evaluación en torno a la Petición de la FFDEMH para que sus estudiantes del Programa Clínico provean asistencia legal supervisada de conformidad con la Regla 12(f) del Reglamento del Tribunal Supremo, se autoriza dicha solicitud sujeta a las condiciones dispuestas en dicha regla. Esta autorización está condicionada, además, a que la FFDEMH cumpla rigurosamente con las condiciones establecidas en nuestra Resolución de 27 de junio de 2003 que, a su vez, fueron incorporadas al Memorando de Entendimiento que fue posteriormente suscrito por los miembros de la Junta de Síndicos de la FFDEMH.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fundación Facultad de Derecho
Eugenio María de Hostos

Peticionaria                          MC-96-25

RESOLUCION

San Juan, Puerto Rico, a 12 de marzo de 2004.

Mediante Resolución de 27 de junio de 2003 concedimos una acreditación provisional de cinco años a la Fundación Facultad de Derecho Eugenio María de Hostos [en adelante, FFDEMH], sujeta al cumplimiento estricto de varias condiciones dispuestas en dicha Resolución. En la Resolución, además, expresamos que "[l]as personas que se gradúen de la FFDEMH durante la vigencia de la acreditación provisional aquí concedida ––esto es, a partir de diciembre de 2003— serán elegibles para tomar los exámenes de reválida de derecho general y de derecho notarial, siempre y cuando satisfagan los demás requisitos reglamentarios aplicables".

En dicha Resolución no nos pronunciamos sobre la elegibilidad de las personas que se han graduado de la FFDEMH desde que el Tribunal emitió la Resolución del 18 de febrero de 2000, en la cual se denegó la acreditación solicitada en aquel momento por la FFDEMH, hasta la fecha de nuestra última resolución. En la Resolución de 18 de febrero de 2000 específicamente se dispuso que no se admitirían a los exámenes de reválida a celebrarse durante el año 2000 y años subsiguientes a aquellas personas que se gradúen

de la FFDEMH. Como resultado de dicha Resolución, la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía no autorizó la admisión a los exámenes de reválida de los egresados de dicha institución en el período comprendido entre la fecha en que fue denegada la acreditación originalmente solicitada y la fecha en que se concedió la nueva acreditación provisional.

A tenor con la Resolución del 27 de junio de 2003, la FFDEMH sometió el 22 de septiembre de 2003 una moción en la que describió su propuesta para ofrecer un Programa de Análisis y Estudio de Legislación y Jurisprudencia a los egresados inelegibles para tomar el examen de reválida según la orden del Tribunal de 18 de febrero de 2000. La propuesta permite re-certificar a dichos graduados para que puedan tomar el examen de reválida al amparo de la acreditación otorgada en la Resolución del 27 de junio de 2003.

Oportunamente referimos la propuesta de la FFDEMH al Comité de Evaluación de la Acreditación de la FFDEMH nombrado por este Tribunal para que nos rindiera un informe con sus recomendaciones al respecto. El Comité rindió su Informe. En éste explica que el programa propuesto por la FFDEMH "ha sido diseñado como un programa intensivo de estudio y discusión de las 13 materias que son objeto de evaluación en el examen de reválida de derecho general que administra la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría". El Comité señaló, además, que dicha propuesta tiene el propósito de "atender las deficiencias académicas que pudiera tener el grupo de egresados de esta institución que al presente es inelegible para tomar los exámenes de reválida". Añadió el Comité que,

> [e]ste grupo de personas fue admitido a la institución con unos criterios de admisión menos rigurosos que los que actualmente la institución exige a sus nuevos estudiantes de conformidad con la Resolución del Tribunal Supremo de 27 de junio de 2003. También cursó sus estudios jurídicos en una institución cuyo ofrecimiento académico, conforme a la evidencia empírica, resultaba insuficiente para aprobar los exámenes de reválida.

Como dichos egresados no se beneficiarán de los cambios establecidos por la FFDEMH a raíz de la acreditación provisional del 27 de junio de 2003, el Comité determinó que era deseable que el Tribunal Supremo estableciera aquellas condiciones o mecanismos que permitieran subsanar las insuficiencias académicas que dieron base a la decisión del año 2000 en la que fue denegada la acreditación a la FFDEMH.

> Sobre la propuesta de FFDEMH el Comité concluyó que, dado el hecho de que este grupo obtuvo su grado en una institución que no satisfacía las exigencias académicas de la 'American Bar Association' ni las del Tribunal Supremo, recomendamos que el Tribunal Supremo exija como condición para ser admitido a los

exámenes de reválida que la FFDEMH re-certifique el grado académico de estos aspirantes en función de la participación satisfactoria en el curso suplementario según descrito en la propuesta de la FFDEMH.

El Comité concluyó, además, que la propuesta de la FFDEMH era adecuada en cuanto a extensión, formato, y contenido y que "brindaría a los egresados la oportunidad de validar el grado académico otorgado previamente en ausencia de acreditación mediante un proceso académico suplementario administrado por la FFDEMH, al amparo de su acreditación provisional, con el rigor de un currículo regular de una facultad acreditada".

Asimismo, el Comité estimó que "las pruebas diagnósticas contempladas en la propuesta de la FFDEMH añaden un componente valioso al proceso de estudio y capacitación para los exámenes de reválida". Además considera que dichas pruebas proveerán un elemento de evaluación diagnóstico que permita a los egresados autoevaluarse y familiarizarse con la estructura y metodología de los exámenes de reválida. No obstante, el Comité no endosó la propuesta de la FFDEMH de que se requiera a los egresados que aprueben dichas pruebas con una puntuación acumulativa no menor de 70% como condición para la re-certificación.

Finalmente, el Comité recomendó que "la re-certificación de grados para permitir a los egresados tener acceso al examen de reválida esté condicionada a que los cursos se completen acorde con el contenido y formato según propuesto por la FFDEMH y que cualquier cambio en dichos cursos requiera aprobación previa del Tribunal Supremo".

Examinado el Informe del Comité de Evaluación, el Tribunal adopta sus recomendaciones. Por ende se autoriza a la FFDEMH a preparar y ofrecer el Programa de Análisis de Legislación y Jurisprudencia Preparatorio para los estudiantes egresados de la FFDEMH a partir de septiembre de 1999 propuesto en su Moción de 22 de septiembre de 2003, con el propósito de validar el grado académico otorgado previamente a dichos aspirantes. Dicho programa deberá ser administrado por la FFDEMH al amparo de su acreditación provisional con el rigor de un currículo regular de una institución acreditada. En consecuencia, deberá brindar los cursos descritos en la propuesta a la luz del contenido y formato propuesto.

La FFDEMH requerirá a todo egresado que se matricule en dicho programa que certifique que ha sido debidamente informado de que su participación en el programa no garantizará su aprobación en los exámenes de reválida y que, una vez complete el mismo tendrá también que cumplir con todos los requisitos de admisión a examen, dispuestos en el Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría del Tribunal Supremo.

Aquellos egresados de la FFDEMH que completen dicho programa serán elegibles a tomar el examen de reválida de Derecho general y el de Derecho Notarial una vez la FFDEMH re-certifique el grado académico en función del programa propuesto por la FFDEMH.

Para ser elegibles para tomar los exámenes cada aspirante deberá certificar oportunamente a la Junta Examinadora de Aspirante al Ejercicio de la Abogacía que completó dicho programa acompañando con su solicitud de admisión al examen una certificación al respecto de la FFDEMH y, además, deberá cumplir con todos los requisitos dispuestos en el Reglamento Para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo